## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

**Civil Action No.:**

**MANDY L. JONES**

      **Plaintiff,**

**v.**

**STELLAR RECOVERY, INC., a Montana Corporation**

      **Defendant**

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.     This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3.     Venue is proper in this District.

4.     The acts and transactions occurred in this District.

5.     The Plaintiff resides in this District.

6.     The Defendant transacts business in this Judicial District.

7.     The Defendant is a registered foreign corporation with the Colorado Secretary of State, having a registered agent at 1675 Broadway, Ste 1200, Denver, Colorado 80202.

## PARTIES

8.    Plaintiff Mandy L. Jones is a natural person who resides in the City of Loveland, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.    Defendant STELLAR RECOVERY, INC (hereinafter "Defendant") is a Montana corporation operating from an address of 1845 Highway 93 South, Suite 310, Kalispell, Montana 59901 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.    Sometime prior to March, 2010, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.    Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

12.    On about March 15, 2010 the Defendant began calling the Plaintiff on her cellular telephone and leaving recorded messages.

13.    The Defendant caused the cellular telephone of the Plaintiff to ring repeatedly using a synthesized female voice.

14.    Upon answering the telephone, Plaintiff received the synthesized message indicating that the Plaintiff owed a debt and that she should remain on the telephone line to speak to a representative of the Defendant's company.  However, after remaining on the telephone waiting, the call would be terminated.  This activity occurred regularly and caused annoyance to the Plaintiff.

15.   At no time has the Plaintiff received a validation notice from the Defendant containing the name, address and amount owed on the alleged debt that the Defendant is attempting to collect on in violation of 15 U.S.C. §1692(g)(1)-(4).

16.   On January 17, 2011, the Plaintiff made contact with an employee of the Defendant who identified herself as "Dicie" at telephone number 1-866-860-8796 extension 1297.

17.   During the January 17, 2011 telephone call "Dicie" told the Plaintiff that if she did not pay $294.65 that her credit report would be affected and that the collection efforts would become more aggressive.

18.   "Dicie" explained to the Plaintiff that it was the practice of the Defendant to put her telephone number into an auto dialer and cause her telephone to be called repeatedly and excessively.   Further explaining that often, if an agent were not available that the call would be terminated by the Defendant's robo-dialer after making initial contact.

19.   Because of the ongoing and harassing nature of the contact by the Defendant, namely causing the Plaintiff's telephone to ring repeatedly with no live person on the other end, the Plaintiff is afraid to answer incoming telephone calls where caller ID shows "unavailable" or "unknown" or from an area code other than (970).

20.   The Plaintiff, because she is afraid to answer her telephone, has missed business calls, personal calls from family and friends.

21.   By the actions of the Defendant, the Plaintiff is afraid to answer her cellular telephone and as a result has missed business and personal telephone calls including those from a son serving in the United States Army stationed in Iraq.

22.   On January 17, 2011 the Defendant made statements to the Plaintiff concerning legal action that the Defendant would pursue, even after being told by the Plaintiff that the debt was

invalid.  The Defendant threatened actions that the Defendant knowingly knew it could not follow through with against the Plaintiff.

23.     These meritless threats were intended to cause fear, intimidation and/or alarm in the Plaintiff with an intended result of forcing her to pay a debt she considers invalid.

24.     The actions of the Defendant have caused emotional and financial hardship on the Plaintiff and therefore were a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692 d(1), 1692 d(2), 1692 d(5), 1692 f, 1692g, amongst others.

### *Respondeat Superior Liability*

25.     The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

26.     The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

27.     By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

28.     Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

29.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.   The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

31.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

32.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.


Respectfully submitted,

 s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Law Office of Troy D. Krenning, LLC
2908 Bent Drive
Loveland, Colorado 80538
Telephone:  (970) 449-4301
Facsimile: (970) 449-4302
Email: troydklaw@msn.com
**Attorney for Plaintiff**